**In the Matter of the ESTATE OF Joseph F. DERR, Deceased.**

**Donald E. BAGGETT, Jayian C. Baggett, and Ladonna Ann Baggett, Benton Area School District and Burrough of Benton, Pennsylvania, Appellant–Intervenors,**

v.

**ATTORNEY GENERAL OF INDIANA, State of Indiana, et al., Appellees.**

**No. 82A01–8802–CV–65.**

Court of Appeals of Indiana, First District.

July 12, 1988.

John C. Clouse, Michael C. Keating, Laurie A. Baiden Bumb, Evansville, for appellant, Donald E. Baggett.

Frank R. Hahn, Evansville, for appellants, Jayian C. Baggett and LaDonna Baggett.

Theodore Lockyear, James Kornblum, Lockyear & Kornblum, Evansville, for appellants, Benton Area School District and Burrough of Benton, Pa.

Linley E. Pearson, Atty. Gen., William E. Daily, Deputy Atty. Gen., Indianapolis, for appellees, State.

William P. Foreman, Jeffrey R. Kinney, Bamberger, Foreman, Oswald and Hahn, Evansville, for appellee, The Citizens Nat. Bank of Evansville.

NEAL, Judge.

## STATEMENT OF THE CASE

Appellant–Intervenors, Donald E. Baggett, LaDonna A. Baggett, Jayian C. Baggett, Benton Area School District, and Burrough of Benton, Pennsylvania, appeal from an order of the Vanderburgh Superior Court, Probate Division, requiring the payment of a reward and investigative costs from the assets of Joseph F. Derr (Derr) missing since January of 1980.

We reverse.

## STATEMENT OF THE FACTS

In December of 1979 Derr traveled to Acapulco, Mexico for his annual four month vacation. He was joined in Acapulco by Don Baggett, a long-time personal friend. In January of 1980 both Derr and Baggett were reported missing by friends. The United States Embassy in Mexico contacted the Evansville Police Department and requested that it attempt to determine if they returned to Evansville. Sometime later in 1980 Baggett appeared at the Evansville Police Department with his attorney but declined to cooperate in an investigation. As part of its investigation the Evansville Police Department requested assistance from Interpol. After conducting extensive investigations neither the Evansville Police, the United States Embassy in Mexico, nor the Mexican authorities were able to uncover any evidence regarding Derr's disappearance.

In September of 1980 the Citizens National Bank of Evansville was appointed conservator of Derr's property and estate. While acting in that capacity, the bank employed a local private investigator to search for Derr and hired a Mexican law firm to search for bank accounts in Mexico. In addition the bank published notices of a $25,000.00 reward in newspapers in Mexico City, Acapulco, and the Evansville Tri-State Area. No information as to Derr's

whereabouts was obtained. After seven years had elapsed following his disappearance, the bank transferred to the State of Indiana under provisions of the Uniform Disposition of Unclaimed Property Act, IND.CODE 32–9–1–1– to –1–45, all of Derr's property which it had been holding.

On June 2, 1987, the attorney general filed a petition with the trial court, pursuant to IND.CODE 32–9–1–39, requesting a judicial determination of Derr's death, appointment of a personal representative, and probate of Derr's will. The matter was set for a hearing to commence on July 29, 1987. Following the hearing the trial court took the matter under advisement and to this date has yet to rule on the petition. The trial court, however, issued an order, sua sponte, directing the attorney general to expend from Derr's assets a sum of up to $100,000.00 for an additional investigation into his disappearance and to establish a reward of $500,000.00 to be awarded for information leading to the conviction of his killer. The attorney general filed a motion to stay the sua sponte order in order to give the beneficiaries under the will notice and allow them an opportunity to object which was granted.

Under the provisions of Derr's will Don Baggett is a residuary beneficiary of one-half of the estate, LaDonna and Jayian Baggett are beneficiaries of a trust established by the will, and Benton Area School District and Burrough of Benton, Pennsylvania are beneficiaries under a residuary trust composed of the remaining one-half of the estate. All filed petitions to intervene and objections to the sua sponte order. The trial court granted the petitions to intervene and took the objections under advisement. On February 9, 1988, the trial court issued an order effectively denying the objections and reiterating that the attorney general expend funds for investigative and reward purposes regarding Derr's disappearance. The trial court stayed the order pending this interlocutory appeal.

## ISSUE

On appeal, the intervenors claim the trial court erred in issuing the sua sponte order, requiring the attorney general to expend funds for investigative and reward purposes from Derr's assets.

## DISCUSSION AND DECISION

 The attorney general is holding Derr's assets under the Uniform Disposition of Unclaimed Property Act. These assets are currently valued at approximately $1,250,000.00. Pursuant to IND.CODE 32–9–1–39 the attorney general commenced proceedings seeking to have the trial court judicially declare Derr dead, probate his will, and appoint a personal representative. Without ruling on this petition, however, the trial court issued an order requiring the attorney general to expend up to $600,000.00 for investigative and reward purposes.

It must be emphasized that there has been no request by the attorney general or any party to the proceeding seeking the trial court to expend Derr's assets in this manner. More importantly, we note that nothing within the statute grants the trial court the authority to require the expenditure of funds for an investigation or reward for a missing person. IND.CODE 32–9–1–24(c) authorizes the expenditure of funds for the expenses reasonably incurred in the administration and enforcement of the provisions of the act. This includes the necessary costs incurred in selling abandoned property, mailing notices, making required publications, and other operating and administrative expenses. Expenditures for investigative or reward purposes, however, are not usual and customary administrative expenses for which a deduction would be authorized under that section.

IND.CODE 29–1–7–8(c) permits a court, upon application, to direct the personal representative to employ an investigation agency where there is any doubt that the person whose estate is to be administered is dead. This statute is inapplicable, however, because there has been no application by an interested party for such action, and the trial court's order is not addressed to the personal representative. In fact a personal representative has yet to be appoint-

ed. Furthermore, there can be no legitimate doubt that Derr is dead. The record of the hearing on the attorney general's petition is entirely devoid of any evidence indicating that Derr may still be alive. Even the trial court's sua sponte order presumes Derr is dead as it is primarily addressed to obtaining information leading to the conviction of his killer. Absent a provision under the Uniform Disposition of Unclaimed Property Act permitting such, the trial court was without authority to order the attorney general to expend funds for investigative or reward purposes from Derr's assets.

Accordingly, for the above reasons, the order is reversed and the trial court is ordered to rule upon the attorney general's petition.

Judgment reversed.

RATLIFF, C.J., concurs.

SHIELDS, P.J., concurs in result with separate opinion.

SHIELDS, Presiding Judge, concurring.

I concur in result. In my opinion the trial court has the authority to order the type of expenditures in question. In addition, until Derr is declared dead, the intervenors are without standing to object to the expenditure. However, under the evidence in this case, the trial court abused its discretion in entering the subject order.